IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

No. 3:17-cv-00061

| | |
|---|---|
| SOUTHERN ENVIRONMENTAL LAW CENTER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) **COMPLAINT** |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) |
| Defendant. | ) ) ) ) |

## INTRODUCTION

1. This Freedom of Information Act ("FOIA") suit challenges Defendant Environmental Protection Agency's ("EPA") unlawful and unreasonable delay in responding to a request for information about the agency's implementation of a far-reaching executive order that could dismantle federal environmental protections in the name of "regulatory reform." This directive could have profound impacts on the work of EPA and its mission to protect human health and the environment.

2. Plaintiff Southern Environmental Law Center ("SELC"), a nonprofit public interest organization dedicated to protecting the environment of the Southeast, requested information relating to Executive Order 13777 from EPA in April 2017. In the months since then SELC has worked with the agency to clarify its request so it can obtain important information relevant to its organizational mission. EPA, in turn, has thrown up bureaucratic roadblocks to providing the requested information and has failed to meet its own extended deadline for response.

3. When EPA missed the statutory deadline for responding to SELC's request, SELC filed an administrative appeal with the agency, even though FOIA does not require this step. More than 20 working days have passed since SELC filed this appeal, and EPA has not provided any information or otherwise made further determinations on SELC's request.

4. EPA has violated FOIA by failing to "promptly" provide requested information and make a determination within 20 working days of receiving a request. 5 U.S.C. §§ 552(a)(3)(A); (a)(6)(A). SELC seeks a declaration that EPA has violated FOIA and an order requiring EPA to provide all nonexempt, responsive documents without further delay.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552, 28 U.S.C. § 1331, and 28 U.S.C. § 2201.

6. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), SELC is "deemed to have exhausted administrative remedies" because EPA has "fail[ed] to comply with the applicable time limit provisions." Nonetheless, SELC did file an administrative appeal of EPA's untimely response and EPA has taken no action on that appeal in more than 20 working days.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B). SELC is a 501(c)(3) nonprofit organization headquartered and residing in Charlottesville, Virginia, in the Western District of Virginia.

## PARTIES

### Plaintiffs

8. Plaintiff Southern Environmental Law Center, Inc. ("SELC") is a 501(c)(3), nonprofit public interest environmental law firm with a focus on six southeastern states.

9. SELC is a "person" for purposes of FOIA, 5 U.S.C. § 551(2).

10. SELC uses public advocacy and the law to protect the people and the natural resources of the Southeast and, in particular, to gather, analyze, and disseminate public information about activities affecting human health and the environment in the Southeast. SELC disseminates public information it gathers to the general public through its website, *southernenvironment.org*, which is updated regularly, as well as press releases, social media, and public comment letters. SELC attorneys also regularly attend and speak at public meetings and hearings throughout the region, informed by and sharing their analysis of public information. SELC has been actively engaged in protecting the environment of the Southeast at the federal, state, and local levels for three decades.

**Defendants**

11. The U.S. Environmental Protection Agency is an "agency" for purposes of FOIA. 5 U.S.C. § 551(1). EPA has possession or control of the requested information.

**FACTS**

**Executive Order 13777**

12. On February 24, 2017, President Trump signed Executive Order 13777, Enforcing the Regulatory Reform Agenda ("the Order"). The Order requires that federal agencies create a regulatory reform task force and procedures for identifying supposedly "unnecessary" or otherwise burdensome regulations.

13. Pursuant to the Order, agencies including EPA must "evaluate existing regulations . . . and make recommendations to the agency head regarding their repeal, replacement, or modification." Each agency's regulatory reform task force must regularly report to agency heads on their progress.

14. The Executive Order works hand-in-hand with Executive Order 13771, issued on

January 24, 2017, which requires the rescission of two existing regulations for every new one. When a regulatory reform task force at EPA and other agencies identifies a regulation as supposedly "unnecessary," the agency head must prioritize it for elimination.

15. Since EPA Administrator Scott Pruitt was confirmed, the agency has already attempted to delay or reverse key environmental protections. For example, EPA is reconsidering and delaying decades-overdue revisions to effluent limitation guidelines for steam electric power plants, which limit toxic wastewater pollution from coal-fired power plants. EPA, Effluent Limitations Guidelines and Standards for the Steam Electric Power Generating Point Source Category, 80 Fed. Reg. 67837 (Nov. 3, 2015); EPA, Postponement of Certain Compliance Dates for the Effluent Limitations Guidelines and Standards for the Steam Electric Power Generating Point Source Category, 82 Fed. Reg. 26017 (June 6, 2017). The fate of this rule will significantly impact the Southeast, where waste from burning coal is often stored in unlined pits that discharge into rivers.

16. Along with Executive Order 13771, the Order threatens to undermine environmental protections for the Southeast and elsewhere in the name of cost-cutting and "regulatory reform." The Order requires rapid agency action, including the designation of an agency "regulatory reform officer" within 60 days and an initial task force report to the agency head within 90 days. In the time between SELC's request and this complaint, EPA has already taken actions to begin implementing the Order, inviting suggestions to reverse any EPA regulation on the books. *See* EPA, Evaluation of Existing Regulations, 82 Fed. Reg. 17793 (Apr. 13, 2017).

17. Members of Congress have expressed alarm about agencies' lack of transparency in carrying out the Order, citing EPA's conduct in particular. Exhibit 1, Letter from Rep. Elijah

4

Cummings *et al.* to Nick Mulvaney, Office of Mgmt. & Budget, & Neomi Rao, Office of Info. & Regulatory Affairs (Aug. 7, 2017).  The cited letter stated that "it is unacceptable for federal agencies to operate in such a clandestine and unaccountable manner especially when the result could be the undoing of critical public health and safety protections." *Id.* at 3.

18. EPA's protections for air, water, and public health are critical to SELC's mission. To advocate for the people and natural resources of the Southeast, SELC requires prompt and full information on EPA actions to weaken or undo these protections.

19. SELC works with partners across the country to share information on, analyze, and respond to federal environmental policy changes.  For example, SELC has been closely engaged in developments on the National Environmental Policy Act, climate change, and the Clean Water Rule.  In addition to its offices across the Southeast, SELC maintains an office in Washington, D.C., to advance its work on federal legislative and regulatory policy.

20. SELC has submitted or joined multiple public comment letters to EPA urging it to maintain or strengthen environmental protections instead of eliminating them in carrying out the regulatory reform orders.  *E.g.*, Exhibit 2, Comments on behalf of Southern Environmental Law Center, One Hundred Miles, the Coastal Conservation League, & Upstate Forever, Docket ID No. EPA-GQ-OA-2017-0190 (May 15, 2017).

21. EPA obstruction and delay in disclosing how it is putting this Executive Order into practice harms SELC's work.  Without full and timely information on this ongoing process, SELC and its partners cannot effectively participate in regulatory reform decisionmaking and advocate for essential environmental protections; nor can SELC share information with the public to facilitate involvement by interested citizens.

22. An order compelling EPA to produce nonexempt, responsive documents will

redress harm to SELC by providing access to information that is relevant and useful to its advocacy and information-sharing on federal environmental policy.

### SELC's FOIA Request

23.  On April 12, 2017, SELC submitted FOIA request EPA-HQ-2017-006074, seeking any and all records in the possession of EPA relating to the Order and its execution or implementation.  A copy of this FOIA request is attached as Exhibit 3.

24.  This request was a revision and resubmittal of FOIA request EPA-HQ-2017-005657, submitted April 3, 2017, with additional information to support SELC's request for a fee waiver.

25.  SELC attorney Kym Hunter spoke with Larry Auther of the Office of Policy by telephone regarding this request on April 19, 2017.  Mr. Auther advised Ms. Hunter that all information responsive to this request was either available online or covered by FOIA Exemption 5.  Ms. Hunter requested that Mr. Auther put that response in writing, but he refused to do so.

26.  On April 20, Mr. Auther gave SELC a different response: he told SELC by email that "EPA cannot process your request because the subject matter is too broad, it is phrased as legal discovery, and you have not identified any record custodians." Exhibit 4, Email from Larry Auther, EPA, to Kym Hunter, SELC (April 20, 2017).  This email asked SELC to clarify or modify the request and stated that EPA would consider the request withdrawn if they received no response by May 1, 2017.  *Id.*

27.  SELC immediately responded and repeatedly discussed this request via email and telephone conversations with EPA.  In April 20 and May 9 emails to EPA, SELC clarified that the time frame for the request was February 24, 2017, to the date of the request, April 12, 2017.

6

Exhibit 5, Email from Kym Hunter to Larry Auther (April 20, 2017); Exhibit 6, Email from Kym Hunter to Nicole Rementer, EPA (May 9, 2017).

28.     Ms. Hunter discussed the request by phone with Nicole Rementer on May 24. SELC did not concede its original request was too broad, but the parties agreed on the records systems, custodians, search terms, and date range EPA would initially use to fulfill the request.

29.     In a May 24, 2017, email documenting that phone conversation, Ms. Rementer informed SELC that EPA would "start the clock" on the request. Exhibit 7, Email from Nicole Rementer to Kym Hunter (May 24, 2017).

30.     On May 30, 2017, EPA extended its own deadline for responding until July 7, 2017, citing as "unusual circumstances" the scope of the request and the time required to respond. Exhibit 8, Email from Larry Auther to Kym Hunter (May 30, 2017) (citing 40 C.F.R. § 2.104(d).

31.     Since then EPA has not sought any additional extensions of time or modifications of the request.

32.     Nearly four months have passed since SELC first submitted its FOIA request. One month has passed since EPA's extended deadline for responding to this FOIA request.

33.     To date EPA has not made any determination regarding this request or provided any responsive documents.

## Administrative Appeal

34.     EPA's extended deadline for responding to SELC's FOIA request came and went on July 7.

35.     On July 11, SELC filed an administrative appeal of EPA's illegal failure to respond to its request within the time FOIA requires. Exhibit 9.

36. SELC stated in its appeal that "[i]f we do not receive a response to this appeal within 20 working days we will seek judicial review of EPA's failure to respond in a timely manner."

37. EPA acknowledged SELC's appeal on July 12, 2017.

38. More than 20 working days have passed since SELC filed its appeal, and EPA has not responded except to acknowledge the appeal.

## LEGAL BACKGROUND

39. The Freedom of Information Act, 5 U.S.C. § 552, reflects "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *Dep't of Air Force v. Rose*, 425 U.S. 352, 360–61 (1976) (quoting legislative history) (internal quotation marks omitted). FOIA "shines a light on government operations 'to check against corruption and to hold the governors accountable to the governed.'" *Coleman v. DEA*, 714 F.3d 816, 818–19 (4th Cir. 2013) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)).

40. "[T]he time provisions of the Act are central to its purpose." *Hayden v. U.S. Dep't of Justice*, 413 F. Supp. 1285, 1288 (D.D.C. 1976). FOIA requires federal agencies to "promptly" make records available upon request. 5 U.S.C. § 552(a)(3)(A). Agencies must "determine . . . whether to comply" with a request within 20 working days of receiving the request, and they must immediately notify the requester of that determination. *Id.* § 552(a)(6)(A).

41. To make a "determination" under FOIA, "the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for*

8

*Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).

42. Agencies may extend their deadline for responding by up to 10 working days if unusual circumstances apply and they provide timely notice to the requester. *Id.* § 552(a)(6)(B).

43. Under EPA regulations and FOIA, if the agency seeks to extend a deadline further than 10 working days, it must work with the requester to modify the request so it can be fulfilled within the 10 working day extension or arrange an alternative time period. 40 C.F.R. § 2.104(d); 5 U.S.C. § 552(a)(6)(B)(ii).

## CLAIM FOR RELIEF

### Count 1

44. SELC incorporates by reference paragraphs 1 through 40 of this Complaint as if fully stated herein.

45. Unless "unusual" or "exceptional circumstances" apply, EPA must make a determination in response to a FOIA request within 20 working days. § 552(a)(6)(A).

46. Pursuant to the "unusual circumstances" exception EPA invoked, and EPA's correspondence with SELC, EPA was required to respond with a determination by July 7, 2017.

47. EPA did not respond to SELC's FOIA request by July 7, 2017, and has not responded since.

48. EPA's failure to make a determination within the time prescribed is a violation of the Freedom of Information Act.

### Count 2

49. SELC incorporates by reference paragraphs 1 through 45 of this Complaint as if fully stated herein.

50. EPA must make a determination with respect to an administrative appeal within 20 working days after receiving the appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

51. SELC filed its administrative appeal on July 11, 2017. EPA was required to respond by August 8, 2017.

52. EPA did not make a determination on SELC's appeal by August 8, 2017.

53. EPA's failure to make a determination on the appeal within the time prescribed is a violation of the Freedom of Information Act

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(i) Declare that EPA has violated and is continuing to violate FOIA by failing to timely respond to SELC's request;

(ii) Direct EPA to provide all nonexempt, responsive documents to SELC without further delay;

(iii) Retain jurisdiction over this matter to rule on any assertions by EPA that certain responsive documents are exempt from disclosure;

(iv) Order EPA to produce an index identifying any documents or parts thereof that it withholds and the basis for the withholdings, in the event that EPA determines that certain responsive records are exempt from disclosure;

(v) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E);

(vi) Grant any other relief the Court deems just and proper.

Respectfully submitted, this 23rd day of August, 2017.

/s/ Greg Buppert
Greg Buppert – VA Bar No. 86676

/s/ Kimberley Hunter
Kimberley Hunter – NC Bar No. 41333 (*pro hac vice* pending)

/s/ Leslie Griffith
Leslie Griffith – NC Bar No. 50122 (*pro hac vice* pending)

SOUTHERN ENVIRONMENTAL LAW CENTER
201 West Main Street, Suite 14
Charlottesville, VA 22902-5065
Telephone: (434) 977-4090
Facsimile: (434) 977-1483
gbuppert@selcva.org

601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516-2356
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
khunter@selcnc.org
lgriffith@selcnc.org

*Attorneys for Plaintiff*